IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| ALLISON CHAPMAN,<br><br>            Plaintiff,<br><br>vs.<br><br>KATHLEEN JENSEN,<br><br>            Defendant. | CV-06-88-GF-SEH-cso<br><br>**ORDER AND FINDINGS AND**<br>**RECOMMENDATIONS OF U.S.**<br>**MAGISTRATE JUDGE** |

On October 18, 2006, Plaintiff Allison Chapman ("Chapman") moved to proceed *in forma pauperis* with a Complaint alleging a violation of 42 U.S.C. § 1983. Chapman is proceeding *pro se.*

I. **MOTION TO PROCEED *IN FORMA PAUPERIS***

Chapman's motion fails to comply with the requirement of 28 U.S.C. § 1915(a)(1) that the motion be notarized. Thus, her motion should be denied for this procedural deficiency. See Schweitzer v. Scott, 469 F.Supp. 1017, 1018-19 (C.D. Cal. 1979) (where application for leave to appeal *in forma pauperis* failed to state nature of action, was not notarized, and failed to state affiant's belief that he was entitled to redress, application was insufficient and therefore denied); see also Martin-Trigona v. Shiff, 600 F.Supp. 1184, 1192 (D.C. D.C. 1984) (holding that failure of plaintiff to have "affidavit" relating

his financial circumstances notarized required denial of his motion to proceed *in forma pauperis*).

In this case, even if the Court were to give Chapman additional time to cure the procedural deficiency of her motion, her proposed Complaint fails to state a claim upon which relief may be granted and thus her motion should be denied.  See O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990) (quoting Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987) (a "'district court may deny leave to proceed [*in forma pauperis*] at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit'").

Chapman relies on the case of Pulliam v. Allen, 466 U.S. 522 (1984) in arguing that the Defendant violated her constitutional rights by requiring her to post bond.  Pulliam, however, does not support Chapman's claim that the Eighth Amendment is violated when a person charged with an offense that "normally" would not carry a jail sentence is required to post bond before being released from pretrial custody.  There, the question before the Court was whether judges, who are immune from damages actions, are also immune against claims for injunctive relief and, if not, whether they could be ordered to pay attorney fees to a plaintiff who was awarded injunctive relief.  Id. at 527.  The Court held that injunctive relief is available against judges, but stated

-2-

"we express no opinion as to the propriety of the injunctive relief awarded in this case."[1]  Id. at 542.  The Court did not decide whether judges could require defendants to post bond when the underlying charge does not expose the defendant to a jail sentence.

In another case, the United States Supreme Court held that "[t]he only arguable substantive limitation of the Bail Clause is that the Government's proposed conditions of release or detention not be 'excessive' in light of the perceived evil," for example, the risk that the defendant will not appear for trial or that the defendant poses a danger to the community.  United States v. Salerno, 481 U.S. 739, 754 (1987).  As to non-jailable offenses, the Fifth Circuit has held:

> The purpose of requiring that a defendant post bail as a pre-condition of release following arrest is to insure the defendant's attendance at trial.  The fact that the penalty which may be imposed at trial does not include incarceration is not, in and of itself, a guarantee that a defendant will appear for trial.  As in any other case, requiring a defendant charged with a non-jailable offense to post bond insures that he will appear for trial.

---

[1] 42 U.S.C. § 1983 was amended in 1996 to provide that injunctive relief is not available against judicial officers for actions taken in their judicial capacity unless they act in violation of a decree or declaratory relief is unavailable.  However, since Chapman presumably could amend her request for relief, the Court will consider the merits of the Complaint.

Gladden v. Roach, 864 F.2d 1196, 1200 (5th Cir. 1989).[2]

Based on Salerno and Gladden, the Court here concludes that it is not unconstitutional to require persons arrested on non-jailable offenses to post bond to ensure their appearance at trial. The purpose of the bond is not punishment, but to guarantee the defendant's appearance at trial.

Thus, the only question is whether a $150.00 bond, which Chapman paid through a bail bondsman for the sum of $50.00, was excessive. It was not. First, the amount is minimal. Second, Chapman has, on previous occasions, demonstrated a willingness to disregard the law. See, e.g., Findings and Recommendation (*Court's Doc. No. 13*) at 21, Chapman v. Warner, No. CV 04-68-GF-SEH-CSO (D. Mont. Mar. 3, 2005) ("Chapman was rearrested for assault a few days after being charged with reckless driving, failing to stop at a stop sign, exceeding the daytime speed limit, and speeding in a construction zone."). So far as the Court is aware, Chapman has appeared in court when required to do so, but she has also been required to post bond. Bail was not

---

[2] In Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001), the Court held that "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." The same Court noted that "anyone arrested for a crime without formal process, whether for felony or misdemeanor, is entitled to a magistrate's review of probable cause within 48 hours." Id. at 352 (citing County of Riverside v. McLaughlin, 500 U.S. 44, 55-58 (1991)). During those first 48 hours, of course, no bond might be set. According to the Complaint Chapman was released on the same day she was arrested. See *Plf.'s Compl.* at 2.

excessive.

Chapman also asserts that Montana law does not provide for the imposition of bail on non-jailable offenses.  However, even if this assertion is true, this alleged violation of state law does not alone give rise to a cause of action under 42 U.S.C. § 1983.  See, e.g., Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001).

Because the Complaint fails to state a claim on which relief may be granted, it should be dismissed.  The Court has considered whether Chapman should be given an opportunity to amend her pleading.  Its defects, however, could not be cured by the addition of facts that are omitted; she would have to plead materially different facts.  Consequently, dismissal should be with prejudice.

**II.   MOTION FOR CHANGE OF JUDGE FOR CAUSE**

On October 18, 2006, Chapman filed a motion requesting the recusal of the undersigned.  In her motion, Chapman states:

> This complaint is one of many that has had to be filed against state actors by plaintiff. . . . Each time a complaint is brought it is summarily dismissed by Judge Carolyn S. Ostby without briefing and without argument.  This has led to the severe beating(s) by state actors and other unlawful conduct due to this courts refusal to obey the law as written.  This court has always summarily dismissed any complaint filed In Forma Pauperis by anyone who is not able to pay their filing fee's and pay for an attorney to represent them in the proceedings.

*Chapman's Mot. for Change of Judge for Cause* ("*Chapman's Mot.*")

at pg. 1-2.  Chapman argues that this alleged "discrimination, bias, prejudice or anything else you want to call it" by the undersigned is against the law, and thus asks that a different judge be assigned to this case.  Id. at 2.

Two federal statutes govern recusal: 28 U.S.C. § 144 and 28 U.S.C. § 455.  It is not entirely clear from Chapman's motion whether she is relying on § 144 or § 455(b)(1), but the substantive standard for recusal under these statutes is the same:  "Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986)).  The alleged bias or impartiality must arise from "an extrajudicial source and not from conduct or rulings made during the course of the proceeding."  United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995); see also Liteky v. United States, 510 U.S. 540, 554-56 (1994).  Under either statute, the Court concludes that Chapman's motion fails.

Chapman's motion for recusal under § 144 is inadequate.  Section 144, provides that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but

>       another judge shall be assigned to hear such
>       proceeding.
>
>       The affidavit shall state the facts and the
>       reasons for the belief that bias or prejudice
>       exists, and shall be filed not less than ten days
>       before the beginning of the term at which the
>       proceeding is to be heard, or good cause shall be
>       shown for failure to file it within such time. A
>       party may file only one such affidavit in any
>       case. It shall be accompanied by a certificate of
>       counsel of record stating that it is made in good
>       faith.

28 U.S.C. § 144. "Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit." United States v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980) (citations omitted). Chapman has not filed an affidavit in support of her motion. Accordingly, her motion is procedurally defective, and shall be denied. See Davis v. Fendler, 650 F.2d 1154, 1163 (9th Cir. 1981) (stating that failure to follow "elementary procedural requirements defeats a charge of bias").[3]

Chapman's motion also fails under 28 U.S.C. § 455. Unlike § 144, § 455, does not set forth procedural requirements. Under §

---

[3] The Court notes that § 144 includes a provision for assigning the motion to another judge for review. It is only after the first judge determines that the motion is timely and the affidavit legally sufficient, however, that a different judge must be assigned to hear the motion. Arisman v. Cal. State Supreme Court, 2000 WL 1610745 (N.D. Cal. 2000); see also United States v. Azhocar, 581 F.2d 735, 738-39 (9th Cir. 1978) (stating that a challenged judge could rule on legal sufficiency of affidavit and was not required to assign recusal motion to another judge for hearing). Because Chapman's motion is procedurally deficient, there is no need for the Court to refer the motion to second judge.

455(b)(1),[4] a judge is required to disqualify herself if she has a personal bias or prejudice against a party.

Chapman's motion makes no allegations of prejudice other than simple conclusions and opinions.  See $292,888.04 in U.S. Currency, 54 F.3d at 566 (holding that "mere conclusory allegations" are insufficient to support a claim of bias or prejudice requiring recusal); Studley, 783 F.2d at 939.  Chapman argues that each time she files a complaint it is "summarily dismissed" by the undersigned "without briefing and without argument".  *Chapman's Mot.* at 1.  Chapman's conclusory allegations, without any detailed factual support, are insufficient to establish bias.  Chapman's allegations of judicial bias/prejudice stem entirely from the undersigned's prior adverse rulings against Chapman.  This is not an adequate basis for recusal.  See Liteky, 510 U.S. at 555; Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) (court's adverse rulings are not adequate basis for recusal).

Chapman has presented no allegations that arise from an extrajudicial source.  Accordingly, the Court must deny her motion for recusal.

---

[4] Title 28 U.S.C. § 455 provides in pertinent part that:

(b) He shall also disqualify himself in the following circumstances:
(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

**III. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

(1) Chapman's Motion for Change of Judge for Cause (*Court's Doc. No. 3*) is **DENIED.**

(2) The Court enters the following:

**RECOMMENDATION**

Chapman's Motion to Proceed *In Forma Pauperis* should be **DENIED** and her Complaint (*Court's Doc. No. 1*) should be **DISMISSED WITH PREJUDICE**.

Pursuant to Minetti v. Port of Seattle, 152 F.3d 1113, 1114 (9th Cir. 1998) (*per curiam*), Chapman is not entitled to object to denial of her *in forma pauperis* motion.

As to dismissal, the Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon Chapman.  Chapman is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed within ten (10) days after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

Chapman must immediately inform the Court of any change in her mailing address.

DATED this 1st day of November, 2006.

/S/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge